UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MARLON EMMANUEL,

                  Plaintiff

-against-

CITY OF NEW YORK,
OFFICERS JOHN DOE #1 through #3 of
the NEW YORK CITY POLICE
DEPARTMENT, TARGET
CORPORATION, and TARGET
EMPLOYEES JOHN DOE #4 through #7,

                  Defendant(s),

---------------------------------------------------------------x

COMPLAINT
AND JURY DEMAND

No. 15-CV-1034

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) arising out of the false arrest and false imprisonment and assault and battery of MARLON EMMANUEL.

2. On February 28, 2014, members of the NEW YORK CITY POLICE DEPARTMENT (NYPD) and employees of TARGET, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, as well as assault and battery for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, MARLON EMMANUEL, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Kings County.

## PARTIES

7. Plaintiff at all times relevant hereto resided in the City and State of New York, County of Kings.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendants JOHN DOE #1 and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the CITY OF NEW YORK and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

14. That DEFENDANT TARGET is incorporated in Minnesota.

15. That DEFENDANT JOHN DOES #4 through #7 were at all times relevant hereto employees of DEFENDANT TARGET.

## FACTUAL ALLEGATIONS

16. On February 28, 2014, at approximately 1:00 p.m., plaintiff entered a TARGET store located at 139 Flatbush Avenue, Brooklyn, NY to return items that he had purchased earlier in the month.

17. Prior to returning the items that he had previously purchased, plaintiff bought diapers and a pillow. The cashier explained to plaintiff that he had to go to another area in the store to return items that he had already purchased.

18. After plaintiff made this purchase he was approached by JOHN DOE # 4 through #7, security officers employed by TARGET, thrown against a wall and accused of stealing.

19. Although plaintiff produced a receipt to show that he had not stolen anything from the store he was nonetheless placed in custody for allegedly stealing items from TARGET.

20. Plaintiff was held against his will by JOHN DOE #4 through #7 until JOHN DOE #1 through #3 arrived and brought plaintiff to the 78th precinct where he remained in custody for approximately 5 hours.

21. Upon plaintiff's release from the 78th precinct plaintiff was given a summons which charged him with Penal Law 140.05 (trespass).

22. On May 28, 2014 plaintiff appeared in Redhook Community Justice Center located at 88 Visitation Place, Brooklyn, NY 11231 to answer Summons # 441452210.

23. On May 28, 2014 plaintiff's case was adjourned in contemplation of a dismissal.

24. Following plaintiff's arrest plaintiff went to Kingsbrook Jewish Medical Center because defendants injured his wrists as a result of handcuffing plaintiff too tightly. In fact, plaintiff still has a mark on right wrist from being handcuffed too tightly.

25. Plaintiff suffered physical pain, emotional distress, including nightmares, because of his arrest and detention.

26. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

27. The plaintiff remained in custody for approximately 5 hours.

28. Defendants acted maliciously and intentionally.

29. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property and pain and suffering.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

30. Paragraphs 1 through 29 are herein incorporated by reference.

31. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

32. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under and the laws of New York State and the New York State Constitution. Further, Defendants John Does 1-3 are liable under 42 U.S.C. § 1983 and the Fourth Amendment.

33. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (EXCESSIVE FORCE)

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. Defendants JOHN DOES 1-3 and other members of the NYPD applied excessive forcewhen arresting plaintiff, resulting in injuries that required medical attention and that have left permanent scars.

36. As a result of Defendants' use of excessive force against Plaintiff, Plaintiff was deprived of his right to be free from unreasonable seizures under the Fourth Amendment. Defendants are therefore liable to Plaintiff under 42 U.S.C. § 1983 and the New York State Constitution.

37. Plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars as a result of the excessive force implemented by the Defendants.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(ASSAULT AND BATTERY)

38. Paragraphs 1 through 37 are herein incorporated by reference.

39. Defendants TARGET and JOHN DOES 4-7 without just cause, willfully and maliciously touched plaintiff without his authorization and used physical force on plaintiff causing plaintiff to suffer emotional injuries.

40. Defendants threw plaintiff against a wall and then placed plaintiff in handcuffs.

41. That as a result of the foregoing, plaintiff was intentionally placed in fear and fright of imminent physical harm.

42. That a result of the foregoing, plaintiff was the object of a battery.

43. Defendant committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

44. As a result of the assault and battery, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (RESPONDEAT SUPERIOR)

45. Paragraphs 1-44 are incorporated herein by reference.

46. At the time of the incident described above, DEFENDANTS JOHN DOES 4-7 were employees, agents, and/or servants of DEFENDANT TARGET.

47. DEFENDANTS JOHN DOES 4-7 were at all times relevant to the incident described above acting within the scope of their employment.

7

48.  As such, DEFENDANT TARGET is responsible for the conduct of DEFENDANTS JOHN DOES 4-7 under the doctrine of *respondeat superior* due to the master-servant relationship that existed at the time of the incident described above.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.  Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.  Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
(NEGLIENT HIRING, TRAINING AND RETENTION)

49.  Paragraphs 1-48 are incorporated herein by reference.

50.  Even if DEFENDANTS JOHN DOES 4-7 were not acting within the scope of his employment, DEFENDANT TARGET was negligent in that:

    (a) DEFNENDANT TARGET negligently hired John Does 4-7, despite knowing that John Does 4-7 could harm customers such as Plaintiff;

(b) DEFENDANT TARGET failed to screen, or adequately screen, John Does 4-7;

(c) DEFENDANT TARGET failed to train, or adequately train, John Does 4-7;

(d) DEFENDANT TARGET failed to supervise, or adequately supervise, John Does 4-7;

(e) DEFENDANT TARGET negligently retained John Does 4-7 even though it knew, or should have known, that John Does 4-7 posed a danger to customers.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:   New York, New York
         February 27, 2015

BROMBERG LAW OFFICE, P.C.

By:   Brian Bromberg
      One of Plaintiff's Attorneys

Attorneys for Plaintiff

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Tel: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Tel: (212) 385-1373
Fax: (212) 689-1710